John Gills, Appellee, v. The New York, Chicago & St. Louis Railroad Company, Appellant.

 Heard in this court at the
February term, 1930. Opinion filed May 21, 1930.

POPE & DRIEMEYER, for appellant.

HARRY FAULKNER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In a crossing collision, appellee received personal injuries and his car was demolished. In the suit brought to recover damages, appellant, at the close of appellee's evidence, moved the court for a directed verdict. The motion was denied and appellant offered no evidence. Appellee recovered a verdict and judgment for $1,200.

Appellant makes no contention that it was not guilty of negligence. The sole question presented is whether the court erred in refusing to direct a verdict for appellant. Five railroad tracks cross the public highway south of Beuhler station. The highway runs north and south and the several tracks run in an easterly and westerly direction across the highway. Appellee lived at a point north of the tracks. The most southerly track is the main track of appellant and it has a passing track a few feet north of the main track. Appellee was returning to his home from Granite City on the evening of January 31, 1929, at about the hour of 4 p. m. As he approached appellant's main line from the south he stopped at the mail box some distance south of that track. After leaving the mail box he saw a freight train, consisting of 30 to 50 cars, com-

ing from the west and observed it as it passed over the crossing. He was about 30 feet from appellant's main track where he had stopped until the train passed. After the freight train had cleared the crossing he says he looked in both directions to see if any other train was coming and that he saw none and started north and about the time he was on appellant's main track he saw a passenger train coming from the east on that track and it was then about 25 feet away. He could not get off the track and the collision occurred. There was no obstruction to his view of a train coming from the east and he testified that when he looked he did not see the train because of the background of the other train and the smoke from the locomotive of that train. There is evidence to the effect that the passenger train was running 30 or 35 miles an hour and that no bell or whistle was sounded for the crossing.

A hack driver was killed in a crossing collision under similar circumstances. An electric railroad had double tracks running east and west across a north and south highway and about 75 feet north of the north track a steam railroad had a parallel track. The hack driver approached the electric line from the south and observed a freight train going east on the steam railroad and stopped his carriage about 30 feet south of the electric railroad and waited for the freight train to pass over the crossing. After it had passed he started north and when upon the track of the electric railroad he saw a car coming from the east upon that road and urged his horses forward but was unable to get across. A collision occurred and he lost his life. In that case there was nothing to obstruct the view of the hack driver of a train coming from the east. A car from the east was visible for a distance of about a mile. The court said that if he had looked to the east he could have seen the car approaching and that there was no evidence that he did look; that one witness testified that he did not observe the deceased looking to the

east or looking at anything while the freight train was passing except his horses; that the engineer of the freight train said he did not see the deceased look at anything except the freight train. In that state of the proof, it was insisted that the trial court erred in refusing to direct a verdict for the defendant because the evidence showed that the deceased was not in the exercise of due care and caution for his own safety and that he was guilty of contributory negligence. The court held, under the facts above stated, that the question of contributory negligence was a question of fact for the jury and the judgment was affirmed; *Gibbons v. Aurora, E. & C. R. Co.*, 263 Ill. 266. It is true that in the *Gibbons* case the deceased was driving a team of horses, while in the case at bar appellee was driving an automobile. Aside from that fact we see no material difference between the facts and circumstances of the two cases. In that case there was no evidence that the horses were in any way excited so as to require attention from the deceased. When he stopped to let the freight train pass he was about 110 feet from that train as it passed over the crossing. If we were to undertake to distinguish the present case from the *Gibbons* case it seems to us it would be necessarily a distinction without a difference. There is no doubt that under the circumstances in the two cases the passing of the freight trains was such as to divert or distract the attention of the drivers. The noise and smoke from the passing freight train and the failure of the passenger train to sound a warning for the crossing should all be taken into consideration. When all of the facts and circumstances are considered we would not be warranted in holding as a matter of law that contributory negligence on the part of appellee was proven. We think the evidence was sufficient to make it a question of fact for the jury. It is not contended that the evidence on the question of contributory negligence was insufficient to support the verdict. Ap-

pellant's sole contention is that appellee was guilty of contributory negligence as a matter of law and that the court erred in refusing to direct a verdict. We cannot agree with that contention and the judgment is affirmed.

*Affirmed.*